*639
 
 Weygandt, C. J.,
 

 dissenting. In the majority opinion appears the following quotation from 32 American Jurisprudence, 809, Section 962:
 

 “Asa general rule, in construing provisions relating to renewals, where there is any uncertainty, the tenant is favored, and not the landlord, because the latter, having the power of stipulating in his own favor, has neglected to do so, and also upon the principle that every man’s grant is to be taken most strongly against himself. ’ ’
 

 However, on the next page appears the following statement.
 

 “A renewal covenant in a lease which leaves the renewal rental to be fixed by future agreement between the parties has generally been held unenforceable and void for uncertainty and indefiniteness.”
 

 This statement is repeated' in the annotations in 30 A. L. R., 573, and 68 A. L. R., 157.
 

 Likewise, in the majority opinion appears a quotation from 51 Corpus Juris Secundum, 597, upon which reliance is placed. However, immediately preceding that statement is the following summary of the rule, beginning on page 596:
 

 “A provision for extension or renewal.of a lease must specify the terms and condition's of the renewal or extension with such definiteness and certainty that the court may determine what has been agreed on, and if it falls short of this requirement it is not enforceable. It must be certain and definite both as to the time the lease is to extend and the rent to be paid. * * - * Accordingly, a provision dealing with a renewal which by the use of the expression ‘such terms as maybe agreed upon,’ or by similar language, expressly makes the renewal dependent on future agreement of the parties, is unenforceable.”
 

 Also in 3 Thompson on Beal Property (Perm. Ed.),
 
 *640
 
 360, Section 1263, the rule representing the great weight of authority is restated as follows:
 

 “A general covenant providing for the renewal of a lease is sufficiently certain since it implies a new leasing upon the same terms and' conditions as the old lease. On the other hand, if the renewal clause provides that the lease may be renewed upon such terms as the parties may agree upon, the same is void for uncertainty. ’ ’
 

 The Ohio rule is stated as follows in 24 Ohio Jurisprudence, 1238, Section 483:
 

 “The requisites and validity of contracts generally, and especially of contracts for an original lease, would seem to apply to provisions for renewal. Where an option for an additional term has been exercised, it would seem that the rules as to the requisites and validity of leases generally would apply
 
 to
 
 the creation of the additional term. The rule that a provision for a renewal must be definite and certain in order to render it binding and enforceable is followed in Ohio.”
 

 In the majority opinion appears the following quotation from the opinion in the case of
 
 Young
 
 v.
 
 Nelson, 121
 
 Wash., 285, 209 P., 515, 30 A. L. R., 568:
 

 “In such a case as this we consider the agreement for renewal one for the benefit of the lessee; otherwise it would not have been included in the lease. It may be assumed that the owner may always find a tenant for his premises, and therefore such a provision is not particularly for his benefit.”
 

 It is submitted that this assumption is wholly unwarranted and contrary to fact, as indicated by the vacant properties observable in less prosperous periods. There is no reason why a renewal or extension provision may not be placed in a lease for the benefit of the lessor as well as the lessee. In the
 
 *641
 
 instant case the provision happens to be for the benefit of the lessees. But if it had been for the benefit of the lessor, would an action for specific performance be available to him, as well as to the lessees?
 

 Or, if the renewal provision were uncertain as to the term instead of the rental, would an action for specific performance be available to either the lessor or lessees? If not, why not?
 

 It is said that the most important features of a, lease are the property, the rental and the term. If a court can remedy an uncertainty as to one of them, why not as to the others?
 

 The result of the majority view will be that the trial court will be required to substitute its own idea of a rental and thereby disregard the plain language of the lease that “the rental to be paid for said renewal period to be
 
 subject to agreement between the parties
 
 at that time.” (Italics supplied.) It is to be noted that the parties did not.agree that a rental —reasonable or otherwise — should be determined by arbitration or by a court or by anyone but themselves. Although the lease provides for no rental except an agreed one, the lessees will pay and the- lessor will receive a rental to which neither party has agreed.. When government, acting through the courts, interferes in this manner with the wholly private affairs of competent private citizens enjoying freedom of contract, it is to be wondered whether this is the justice to which reference is made in the majority opinion wherein it quite properly said that this court is interested in seeing that justice is done.
 

 It would seem that the unanimous judgment of the lower courts should be affirmed.